## MATTESON vs. CURTIS.

### APPEAL FROM CIRCUIT COURT, FOND DU LAC COUNTY.

Heard January 20.]                                    [Decided June 4, 1860.

### Practice — Trespass — Evidence.

An objection that a bill of exceptions was not filed within ten days after the same was settled and signed, will not be regarded by the court, if taken for the first time, when the cause is called for argument on the calender.

In an action of trespass *quare clausun*, with averments of aggravation of damages, that the defendant was there, &c., with intent to seduce and have illegal intercourse with the plaintiff's wife, the plaintiff may prove the intent, &c., for the purpose of aggravating the offence.

Where in an action of trespass, the plaintiff averred that the defendant intended to seduce his wife, &c., and the answer set forth that the affections of the plaintiff's wife had been alienated from him by others than the defendant, and the plaintiff had lived in a state of jealousy for many years, &c., evidence of the facts set up in the defense ought to be received in mitigation of damages.

The complaint in this case averred criminal conversation and connection with the wife of the plaintiff, which had been

forbidden by the plaintiff; but yet the defendant broke and entered the close of the plaintiff, and into the dwelling house, and concealed himself therein in a private bed room of the house, and remained there for the space of several hours, with intent, &c., to seduce and carnally know the said wife. It also averred that the defendant had by conversations, interviews and solicitations endeavored to, and alienated the affections of the wife; had induced her to leave his house to hold stolen and private interviews with the defendant in the nighttime, whereby she had become estranged, &c. The answer denied the material allegations of the complaint, and alleged that for about eight years the plaintiff had lived a quarrelsome and unhappy life, had been jealous of her, and frequently used rude and improper language to her, and that it is through his own conduct alone that his wife had become estranged, &c.

On the trial the plaintiff proved that the defendant had frequently been at the plaintiff's house, when the plaintiff was absent, and at one time he was found in a bedroom in the chamber, where he had stayed most of a day, with Mrs. Matteson; that Mrs. Matteson had hung signals out of the windows of the plaintiff's house, and had been at places previously agreed upon, in the night, and that defendant had come to the same places soon after she had left. She had left an apple on a rail of the fence; that she had sent the hired man away from the house that night; the apple was a signal for the defendant, agreed upon by him and the wife. She was frequently out in the night-time, when her husband was away, and always after making these signal.

The defendant objected to all testimony which did not relate to the entry upon the plaintiff's land, but the court allowed the evidence to be given.

After the testimony was closed the circuit judge charged the jury, that if they should find that the trespass was committed with the intent on the part of the defendant, to commit adultery with the plaintiff's wife, or if they should find that his remaining secreted in the plaintiff's house in company with the plaintiff's wife, was without the knowledge of the plaintiff, and the defendant knew that fact, they might consider these circumstances in aggravation of damages; that in regard to the trespass on the 17th November, if the jury should find that the defendant entered on the land of the plaintiff by appointment with the plaintiff's wife, after having been for-

Matteson vs. Curtis.

bidden by plaintiff to come upon his premises, or to have any intercourse with his wife, that the appointment was at an improper time and in an improper place, the jury may take these facts into consideration as tending to show the contempt with which the defendant treated the authority of the plaintiff, and the insult and injury to the plaintiff's feelings, which was the result of such act; that if they found that the several trespasses were accompanied by such intent and such acts of insult as heretofore stated by the court, the damages may and ought to be more than nominal. The injured feelings of the plaintiff should be considered, the degradation of himself and wife in the estimation of the public, which would result from such acts on the part of the defendant, should also be considered in estimating the damages; that they might give punitory damages or "smart money" by way of punishment to the defendant; that the complaint sufficiently alleged the circumstances that had been given in evidence, and that the general allegation of intent in the complaint was sufficient to admit the evidence in the case of such intent. To which charge and direction the defendant excepted, and asked the judge to charge the jury: 1st. That in order to increase and aggravate nominal damages, the plaintiff should have alleged and proven some acts or declarations of the defendant accompanying the alleged trespass, showing an insult or injury to the feelings of the plaintiff, or some act of trespass or of consequential damages to the plaintiff, which the jury could consider in ascertainig the intent of the defendant at the time of the committing the trespass of breaking plaintiff's close. 2. That an averment of mere intent in this action, is not an averment of any acts or declarations, and does not of itself state anything necessarily to aggravate damages, because that intent may be a mere thought or impulse of the mind, unknown and undiscovered, and therefore without injury to the plaintiff. 3. That as to the trespass of the 17th of November, the plaintiff could only recover nominal damages, unless the jury should find that the defendant then had an interview with the plaintiff's wife, and did some act or said some thing to her in order to, and which did alienate her affections from the plaintiff. But the court declined so to charge. To which decision the defendant also excepted.

The jury returned a verdict for the plaintiff for eight hundred dollars.

Upon which verdict judgment was rendered, and the defendant appealed.

*F. H. Waite and J. E. Arnold,* for the appellant, upon the point that the plaintiff ought not to have been permitted to prove the intent of the defendant in breaking the close, so as to recover smart money, cited, 2 Greenf. Ev., § 270 ; 20 John., 428.

That the defendant might prove that the plaintiff had lived unhappily with his wife, &c., they cited 2 Greenf. Ev., 56 ; *Smith vs. Masters,* 15 Wend., 270 ; 2 Stark. Ev., 350, note " d ;" *Norton vs. Warner,* 9 Conn., 172.

*Gillett & Conklin,* for the respondent, objected to arguing the exceptions of the defendant, because the bill of exceptions in this case was not filed within ten days after the same was settled and signed. Circuit Court Rules, 14 ; Voohries' Code, 660 ; 9 How. Pr., 345.

The court refused to consider this objection on the ground that no motion had been made and filed to strike the bill of exceptions from the file.

And the counsel then argued that this action in this form would lie. 1 Chit. Pl., 95 ; 3 Bouv. Inst., 643 ; 2 Vin. Ab., 10, Case n, 21 ; id., 12, § 36 ; id., 13, § 43 ; Br. Action *sur le case* pl., 64, cites 14 H., 8, 31, per Brooke, J. ; id., 14, § 44 ; id., 15, § 55 ; 2 Keb., 753 ; Vent., 348 ; Trin., 32 ; Car. 2, *Anon.* ; I. Wheat. Sel., 332, citing *Keeble vs. Hickeringill,* 11 East., 574, n. from Holt's M. S. ; Holt's Rep., 14, 17, 19 ; 11 Mod., 74, 130 ; 3 Salk., 9 ; Bull N. P., 79 ; *S. C.* cited in *Carrington vs. Taylor,* 11 East., 574 ; *S. C.* 2 Camp., 258 ; *Winsmore vs. Greenbank,* 3 Willes, 577 ; Littleton, § 108 ; 1 Inst., 81, b ; *Turner vs. Estes,* 3 Mass., 317 ; *Hutchinson vs. Peck,* 5 John., 196 ; and the matters could be given in aggravation of damages ; *Huntley vs. Bacon,* 15 Conn., 267 ; *Lindsley vs. Bushnell,* id., 226 ; *Dennison vs. Hyde,* 6 id., 508 ; *Woert vs. Jenkins,* 14 John., 352 ; *Merrill vs. Tariff Man. Co.,* 10 Conn., 384 ; *Edwards vs. Beach,* 3 Day, 447 ; 19 Conn., 162 ; Code, § 73.

*By the Court,* PAINE, J. We think the court below properly regarded this as an action of trespass, with circumstances of aggravation alleged. The counsel for the appellant contended very strongly that the allegation of intent on the part of the defendant below to seduce and have intercourse with the wife of the plaintiff, was not sufficient to justify the ad-

mission of evidence showing such intent, in aggravation of damages. It is true, as was urged, that a mere intent, so long as it was not acted on, may not be a ground of action; the law sometimes takes cognizance of such intent, by the way of preventing crimes, and compelling parties to give security to keep the peace. Intent is also in many cases an element which gives to a crime a much more aggravated character than it would otherwise have. Thus, an assault, with intent to kill, or maim, or commit a rape, is a much more aggravated offense than the mere assault without such intent. It is true, if the party does nothing by which the intent can be proved, he cannot be held liable for it. But being proved, it is the intent itself which aggravates the offense.

The general rule is, that where a wilful trespass is committed, anything which goes to show that it was committed with malice, may be given in evidence, in aggravation of the damages; thus, insulting language, or anything calculated to wound and injure the feelings of the party wronged, is admissible. 2 Greenf. Ev., § 272. And we think the evidence offered for the purpose of showing the intent of the defendant in trespassing upon the plaintiff's premises, was admissible upon this principle. It is true no case was cited where exactly this point has been presented, probably for the reason that in such cases, where the intent is executed, that constitutes a substantive ground of action, and in cases where it has not been accomplished, men have not been desirous of bringing actions, which held up their wives to the public, as persons against whom such attempts had ever been made with hopes of success. But if any man chooses to bring such an action, we can see no reason why an intent to solicit the plaintiff's wife to improper intercourse, cannot be shown in aggravation of a trespass upon his premises, as well as any other fact calculated to injure his feelings, and sub-

ject him to shame and mortification. Previous transactions may have been such, that a party must attribute a mere entrance upon his premises to such a purpose. Thus, suppose, as was testified to in this case, previous acts of solicitation and improper intimacy had existed, until the trespasser had been actually forbidden to enter upon the premises, under any circumstances. If he should then be found secretly entering, the injured party must at once attribute it to that intent. And what circumstance could be more calculated to excite anger, or aggravate the feelings? None that we could imagine. True, an intent of this kind is usually manifested by some overt act, occurring at the time; but it is, after all, not the overt act, but the intent with which it is done, that aggravates. And where the intent may be shown by previous transactions, we see no reason why it is not equally as aggravating as where shown by acts at the time. The very act of entering upon premises with such an intent, is a step towards its execution. And if previous facts are such as to make the other party aware of the intent, its whole evil effect is produced by the mere entry. Suppose one enters upon the premises of another, and solicits his daughter to enter a house of prostitution. The father discovers him, and ejects him, with orders never to appear there again. But he is found entering again, in a secret manner. The intent would be as apparent from the previous facts, as it would from overt acts at the time. And being apparent, who can say that it would not be as aggravating as insulting language, or any of the other various thing that may be shown? We are unable to see why it does not come clearly within the principle upon which such evidence is admitted. But here the complaint alleges overt acts committed at the time: the entering of the bed-room, and holding a secret interview with the plaintiff's wife, &c., which we think leaves no doubt of the propriety of admitting this evidence.

But being of the opinion that this evidence was properly admitted on the part of the plaintiff, we think, by the same reasoning, the evidence offered by the defendant, for the purpose of showing that the affections of the wife had been previously alienated from the plaintiff by others, and that he had lived in a condition of jealousy and discord with her, instead of affection and confidence, as alleged in his complaint, should have been admitted in mitigation. Such evidence is always admitted in actions where the criminal connection is actually accomplished. And upon the same principle by which such evidence would mitigate the damages where the injury is actually committed, it would mitigate them in trespass, with intent to commit it. And because the court below rejected this evidence, we think the judgment must be reversed, and the cause remanded for a new trial.